UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIUSZ KUZIAN, JAMES G. BROWN AND DEBRA A. THOMAS-BROWN On Behalf of Themselves and All Other Persons Similarly Situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>      Defendant. | Case No.: 1:12-cv-03341 (NLH-AMD)<br><br>Honorable Noel L. Hillman<br><br>**MOTION RETURNABLE<br>AUGUST 20, 2011** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(g)**

               **POULOS LOPICCOLO PC**
               John N. Poulos
               Joseph LoPiccolo
               1305 South Roller Rd.
               Ocean, New Jersey 07712
               732-757-0165
               poulos@pllawfirm.com
               lopiccolo@pllawfirm.com

               **NAGEL RICE, LLP**
               Bruce H. Nagel
               Diane E. Sammons
               Randee M. Matloff
               103 Eisenhower Parkway
               Roseland, New Jersey 07068
               973-618-0400
               bnagel@nagelrice.com
               rmatloff@nagelrice.com

               *Attorneys for Plaintiffs*

## I. INTRODUCTION

This is a class action for, among other things, violations of the Consumer Fraud Act and Breach of Contract arising out of defects in certain Frigidaire / Electrolux refrigerators manufactured by Electrolux Home Products, Inc. ("Electrolux" or "Defendant"). For over seven months, Nagel Rice and Poulos LoPiccolo have been investigating the issues involved in this class action. The firms are contacted on a daily basis by purchasers of the defective refrigerators at issue (the "Class Members") and have interviewed close to fifty Class Members to date.

In selecting interim class counsel, Rule 23(g) requires that the Court consider:

> (i) The work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action;
>
> (iii) Counsel's knowledge of the applicable law; and
>
> (iv) The resources that counsel will commit to representing the class.

The Rule 23(g) factors decisively favor the appointment of Nagel Rice and Poulos LoPiccolo as interim class counsel here. First, no other firm has filed actions on behalf of plaintiffs against Electrolux in any court in the nation related to the defects alleged in the complaints here. Second, no other firm has done more to

investigate and prosecute this action than Nagel Rice and Poulos LoPiccolo. Third, given their extensive experience in representing plaintiffs in class actions and complex litigations, Nagel Rice and Poulos LoPiccolo are aware of the resources required to prosecute such a case and are well prepared to contribute that level of resources required in this case to achieve a successful outcome. Finally, given the size of this case, a two firm interim class counsel structure would promote efficiency and avoid any duplicative effort. Thus, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, plaintiffs respectfully request that Nagel Rice and Poulos LoPiccolo be appointed interim class counsel.

## II. STATEMENT OF FACTS

On May 14, 2012, Plaintiff Christopher LoPiccolo filed a complaint against Electrolux in the United States District Court for the Eastern District of New York seeking damages associated with certain refrigerators' defective ice makers manufactured by Electrolux. (Certification of John N. Poulos, executed July 27, 2012, ("Poulos Cert."), ¶ 2.) On June 1, 2012, Plaintiff Mariuz Kuzian filed a complaint against Electrolux in this Court seeking damages associated with alleged defects in certain Electrolux manufactured refrigerators. (See id at ¶ 3.) On June 14, 2012 counsel for Plaintiffs amended the complaint adding the Frigidaire models and seeking damages associated with alleged defects in both Frigidaire and Electrolux manufactured refrigerators. (See id at ¶ 4.)

On June 22, 2012, the Honorable Arthur D. Spatt granted counsel for Plaintiffs' Stipulation and Consent Order Transferring Action to the District of New Jersey transferring the *LoPiccolo* action to the District of New Jersey. (See id at ¶ 5.) On June 27, 2012, *LoPiccolo* was transferred to this Court and on July 11, 2012, both actions were consolidated for discovery and case management purposes. (See id at ¶¶ 6-7.)

### III.   LEGAL ARGUMENT

**A.   The Rule 23(g) Factors Strongly Support the Appointment of Nagel Rice LLC and Poulos LoPiccolo PC as Interim Class Counsel in This Action**

**1. The standards under Rule 23(g) for selection of interim class counsel.**

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, the factors to be considered focus on the work counsel has done in investigating and identifying the claims, counsel's experience and the resources that counsel can bring to bear. Thus, a court must consider:

> (i) the work counsel has done in investigating and identifying the particular case; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

MANUAL FOR COMPLEX LITIGATION, FOURTH (2004), ¶ 21.271.

While neither Rule 23(g) nor the Advisory Committee Notes explicitly states the standards to be applied in choosing interim class counsel, courts have held that the same factors that apply in choosing class counsel at the time of class certification (the standards set forth in Fed. R. Civ. P. 23(g)(1)) apply in choosing interim class counsel. *See*, *e.g.*, *In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Fed. R. Civ. P. 23(g)(1)(A) and (B), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification"). Finally, a court has the discretion and authority to appoint more than one firm to act as co-lead counsel. *See*, *e.g.*, *In re Air Cargo Shipping*, 240 F.R.D. at 58-59 (appointing four law firms as co-lead counsel); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich. 2006) (appointing two law firms as interim co-lead counsel).

As discussed below, these considerations provide compelling support for the appointment of Nagel Rice and Poulos LoPiccolo as interim class counsel.

## 2. Nagel Rice and Poulos LoPiccolo are best able to represent the interests of the Class.

With the work counsel have done in investigating and identifying the issues in the consolidated actions and their combination of experience and resources, as set forth below, Poulos LoPiccolo and Nagel Rice have demonstrated that they are best able to represent the class in this case and should be appointed interim lead counsel.

### a. Nagel Rice and Poulos LoPiccolo are the only firms prosecuting this case.

Nagel Rice and Poulos LoPiccolo are the only firms who have advanced this litigation on behalf of their clients and the class, even months before the litigation was filed. In fact, Nagel Rice and Poulos LoPiccolo are the only firms to date that have filed actions against Electrolux in the nation related to the facts and issues described in the instant complaints.

Nagel Rice and Poulos LoPiccolo have been hard at work to advance this litigation during these beginning stages related primarily to the form and sufficiency of the pleadings. Indeed they have conferred with defense counsel numerous times to discuss efficiency in litigating this matter. These meetings have resulted in defense counsel accepting service on behalf of Defendant, Plaintiffs agreeing to provide Defendants more time to answer the complaints and Plaintiffs and Defendants agreeing to transfer the *LoPiccolo* case to this Court for

consolidation into the Kuzian case. Poulos LoPiccolo and Nagel Rice both have expended considerable time and effort investigating the facts and details of the Class Members' claims for over seven months. This effort uncovered the fact that the alleged defects are also apparent in the Frigidaire refrigerator models manufactured by Defendant in addition to the Electrolux models manufactured by Defendant, thus prompting Plaintiffs to amend the complaint. Further, Poulos LoPiccolo and Nagel Rice have been contacted by close to 70 potential Class Members and have interviewed over 50 potential Class Members which will prove to be invaluable in further prosecuting this case.

> **b. Nagel Rice and Poulos LoPiccolo have significant experience in handling class actions, complex litigation, and the claims asserted in these cases.**

**NAGEL RICE**[1]

Nagel Rice, LLP, founded in 1983, is widely recognized as one of the premier litigation firms in New Jersey and the county having handled complex actions in federal and state courts throughout the county and garnering over $600 million in settlement and verdicts. The firm has the distinction of having had the largest personal injury verdict in New Jersey and over 100 settlements in excess of one million dollars.

---

[1] A copy of Nagel Rice's biography is attached as Exhibit A to Nagel Cert. at ¶ 2.

Mr. Nagel, a graduate of Cornell University and New York University School of Law, has tried over 100 cases to conclusion and handled over 100 appeals in federal and state court (including 12 before the New Jersey Supreme Court). He has approximately 70 published opinions in the field of class action, medical malpractice, trial practice, product liability, consumer fraud and other related areas of law; he is an adjunct professor at Seton Hall Law School; and he has also lectured extensively for both ICLE and ATLA-NJ on a variety of trial related topics. He has the unique distinction of arguing three class actions before the New Jersey Supreme Court.

Randee Matloff, who is a partner at Nagel Rice, LLP, has practiced law in the State of New Jersey for more than 30 years and has extensive experience representing clients in complex litigation and appellate practice. She practices in both the state and federal courts and has well over a dozen published decisions to her credit. She has worked extensively on several class actions where the firm was appointed lead counsel, including a trio of class actions against three different health insurers resulting in monetary compensation and changes in the way the insurers treat coverage for the treatment of eating disorders. In addition, she litigated a class action in the Southern District of New York arising out of a catastrophic fire on a Ski Train in Kaprun, Austria which resulted in a $16.5 settlement. Ms. Matloff graduated from Rutgers University with Highest Honors

and Rutgers Law School. She is a member of Phi Beta Kappa and the American Bar Association. Ms. Matloff was chosen to Super Lawyers in 2010 and 2011.

Mr. Nagel and the other members of the firm have served as lead or co-counsel in numerous State and Federal class actions, including:

> *Franco v. Cigna*, 07-CV-6039 (SRC) (PS), United States District Court, District of New Jersey. Court appointed co-lead counsel in multi-billion class action seeking proper reimbursement for out of network medical service.
>
> *Drazin v. Horizon Blue Cross-Blue Shield of New Jersey*, 06-06219 (FSH) (PS), United States District Court, District of New Jersey. Lead Counsel in class action for injunctive relief and damages relating to coverage of eating disorders as biologically based mental illnesses under the New Jersey Mental Health Parity Act; resulting in settlement of $19 million and multiple business reforms affecting 1.5 million insureds.
>
> *Torres-Hernandez, et al. v. STI Prepaid, et.al,* 2:08-cv-1089 (SDW) (MCA), United States District Court, District of New Jersey. Court appointed co-lead counsel in Class action involving sale of prepaid calling cards; $8.2 million dollar settlement granted preliminary approval and certifying a nation class.
>
> *DeVito v. Aetna*, 07-418 (FSH) United States District Court, District of New Jersey. Lead counsel in class action for injunctive relief and damages relating to coverage of eating disorders as biologically based mental illnesses under the New Jersey Mental Health Parity Act. Settlement involving reimbursement of past denials and multiple business reforms affecting 250,000 insureds. Resulted in published opinion at 536 F.Supp.3d 523 (D.N.J. 2008)
>
> *Smith, et al. v. Ticketmaster*, 2:09-cv-02177 (SRC) (MAS), United States District Court, Central District of California. Class action involving consumers who were wrongfully and

deceptively transferred to secondary market web-site that was owned by company recently acquired by Ticketmaster where they could only purchase tickets significantly higher than their ticket price. Bruce Nagel is member of Executive Committee.

*In re Citigroup Capital Accumulation Plan*, 150 F.Supp.2d 274 (D.Mass. 2001). Action involving deferred compensation plan of major brokerage firm. Lead Counsel for the states of Florida, Nebraska, Colorado, Louisiana, Georgia, and Michigan. Class certification granted for the states of Florida, Colorado and Louisiana. Claims in excess of $300 million. Referenced in Farr, *The Manuel for Complex Litigation*, (2004), Appendix.

*In re Ski Train Fire in Kaprun, Austria*, 220 F.R.D. 195 (S.D.N.Y. 2003) *rev'd Kern v. Siemens Corp.*, 393 F.3d. 120 (2d Cir. 2004). Firm appointed co-lead counsel in multi-district certified class action involving the death of 153 individuals in a train fire in Austria. Class certification reversed on appeal. Settlement of $16 million on behalf of the American plaintiffs.

*In re African American Slave Descendants' Litig.*, 304 F.Supp.2d 1027 (N.D. Ill. 2004); *In re African American Slave Descendants' Litig.*, 307 F.Supp.2d 977 (N.D. Ill. 2004); *In re African American Slave Descendants' Litig.*, 272 F.Supp.2d 755 (N.D. Ill. 2003); and *In re African American Slave Descendants' Litig.*, 231 F.Supp.2d 1357 (J.P.M.L. 2002). Firm appointed co-lead counsel in landmark reparation cases.

*Rosen v. Smith Barney*, 393 N.J.Super. 578 (App. Div. 2007) *aff'd* 195 N.J. 423 (2008). Lead counsel in certified class action against brokerage firm involving deferred compensation plan, resulting in $9 million judgment against the firm, reversed on appeal, and affirmed by the New Jersey Supreme Court.

*Wayne Surgical Center, LLC v. Concentra Preferred Systems, Inc.*, Civil Action No.: 06-928, 2007 WL 2416428 (Judge Ackerman). Class action on behalf of ambulatory surgical centers against re-pricing company to recover UCR reimbursements for out of network services. Court finds ERISA preemption and concludes that plaintiffs have standing as

> assignee to bring claims under 502(2) of ERISA, despite existence of anti-assignment clause.
>
> *Bahramipour v. Citigroup Global Markets, Inc.*, Case No. 04-04440 CW, United States District Court, Northern District of California, represented employees of major brokerage house in claims for refusal of company to pay overtime. Case resulted in $98 million dollar settlement. Nagel Rice signatory on Settlement Agreement that designated Nagel Rice as Class Counsel.

Nagel Rice also has extensive experience in working with other firms in multi-district class actions. In *Bahramipour v. Citigroup Global Markets, Inc.*, Case No. 04-04440 CW, United States District Court, Northern District of California, Nagel Rice represented 7 of the 17 named plaintiffs in an overtime case against a major brokerage firm which settled for the sum of $98 million. Nagel Rice was a signatory to the Settlement Agreement designating Nagel Rice as Class Counsel. Nagel Rice also has extensive experience in complex litigation. The firm represented the State of New Jersey in establishing liability for natural resource damages against Exxon Mobil from the pollution of two refinery sites, *N.J.D.E.P. v. Exxon Mobil,* 393, N.J. Super, 388 (App. Div. 2007), and is handling a multi-billion dollar class action against major hedge funds in connection with short selling schemes. *Fairfax Financial Holdings Limited v. S.A.C. Capital Management, LLC, et al.*, Docket No.: MRS-L-2032-06, Superior Court, State of New Jersey.

## POULOS LOPICCOLO[2]

Poulos LoPiccolo PC is a litigation law firm located in New Jersey and New York that has extensive experience in representing clients in complex litigation. Formed in September 2011, Poulos LoPiccolo is a ten-month old litigation law firm that has its roots from the nationally recognized and A-rated firm of Hughes Hubbard & Reed LLP where the founders of Poulos LoPiccolo practiced for over a combined 18 years.

The Firm's practice is diverse for a firm of its size which involves the Firm's lawyers in challenging, cutting edge issues. The Firm has extensive experience in the areas of class actions, products liability, personal injury and workplace injuries, mass torts, construction law, creditor's rights and breach of contract actions. It is the Firm's mission to consistently exceed its clients' expectations by giving each of them its undivided attention and by coming up with creative, efficient and effective solutions to their problems.

In just ten months, Poulos LoPiccolo has been retained by over to 30 clients relating to over 60 matters and has extensive experience in representing clients in complex litigations. With its depth of experience and aggressive advocacy skills, the Firm has taken on some of the most complex problems facing any business or individual, including:

---

[2] A copy of Poulos LoPiccolo's biography is attached as Exhibit A to Poulos Cert. at ¶ 8.

*Miller et al. v. Chrysler Group, LLC*, 12-cv-0760 (FLM)(DEA), United States District Court for the District of New Jersey.  Class action filed on behalf of all purchasers of Chrysler vehicles that have defective sunroofs causing water to leak inside and damage their vehicles;

*Kuzian et al. v. Electrolux Home Products, Inc.*, 12-cv-3930-NHL-AMD, United States District Court for the District of New Jersey. Class action filed on behalf of all purchasers of Electrolux and Frigidaire refrigerators that have among other defects, defective icemakers;

*In re NJ Tax Sales Certificates Antitrust Litigation*, 12-cv-4050-FLW-TJB, United States District Court for the District of New Jersey.  Class action filed on behalf of a New Jersey company and all others similarly situated against various individuals and companies involved in a bid-rigging scheme that allowed tax lien investors to charge the highest amount of interest allowed by law where several individuals have pled guilty in federal court to Sherman Act violations by conspiring to eliminate any competition at tax sales;

*In re MF Global Inc.*, 11-cv-2790-MG-SIPA, United States Bankruptcy Court for the Southern District of New York.  Successfully represented customers in the MF Global liquidation where each customer's claim was 100% allowed and the clients received 72% of their pre-petition misdirected wire funds within a 60 day period;

Numerous Construction Litigation Matters - Successfully represented contractors in complex government bid protests, mechanics/construction liens and breach of contract actions;

Representation of Vintage Associates, LLC – Currently representing the owner of the largest collection of Michael Jackson memorabilia, music and photographs in the sale of such memorabilia.

### **John N. Poulos**

In addition to being a lead attorney in all of Poulos LoPiccolo's representative matters detailed above, prior to co-founding Poulos LoPiccolo PC, John N. Poulos was an associate with the prestigious Manhattan law firm of

Hughes Hubbard & Reed LLP, recently ranked #1 in the United States in the American Lawyer's A-List 2012. Mr. Poulos worked at HHR for nearly 15 years and was an associate for 10 years. Mr. Poulos was a member of the Litigation Department, concentrating on a broad variety of complex litigation.

In the years at Hughes Hubbard, Mr. Poulos helped fend off numerous class actions against Pioneer Electronics USA involving DVD players.  He also represented Merck & Co., Inc. in the VIOXX MDL and New Jersey coordinated proceedings for 7 years while Hughes Hubbard was Merck & Co., Inc. national counsel for the VIOXX litigation.  Mr. Poulos led a team responsible for dismissing hundreds of cases in the federal MDL, helped lead the New Jersey coordinated proceedings where his team managed almost a thousand cases and led a team reviewing Merck's official worldwide regulatory documents.  After VIOXX was successfully settled for $4.85 billion dollars, Mr. Poulos defended Merck again in the FOSAMAX and Vytorin litigations.  In September 2008, Mr. Poulos represented the SIPA Trustee in the liquidation of Lehman Brothers, Inc., the largest broker-dealer liquidation in history, where he played a key role for almost 3 years leading various teams investigating and negotiating the return of nearly $60 million for the benefit of the customers of Lehman Brothers involving various complex financial derivative transactions including To-Be-Announced trades ("TBAs"), repurchase and reverse repurchase agreements, swaps, foreign exchange

transactions and options. As a lead attorney, he was also responsible for providing interim reports to the SIPC Trustee, SIPC and the Bankruptcy Court on progress of the liquidation.

Mr. Poulos is a 2001 Brooklyn Law School graduate where he was a Richardson Scholar and received his undergraduate degree from New York University in 1997. Mr. Poulos has also been selected for inclusion in the New Jersey Super Lawyers Magazine, "Rising Stars" for 2009 and 2010 for commercial litigation. He was also recently appointed by Judge David F. Bauman of the New Jersey Superior Court, Monmouth County as an arbitrator.

**Joseph LoPiccolo**

In addition to being a lead attorney in all of Poulos LoPiccolo's representative matters detailed above, prior to co-founding Poulos LoPiccolo PC, Joseph LoPiccolo was an associate with the prestigious Manhattan law firm of Hughes Hubbard & Reed LLP, recently ranked #1 in the United States in the American Lawyer's A-List 2012. During his 8 years at Hughes Hubbard, Mr. LoPiccolo was a member of the Litigation Department, concentrating on a broad variety of complex litigation. For almost five years while at Hughes Hubbard, Mr. LoPiccolo defended Merck in the personal injury, class action and multi-district litigation relating to its blockbuster drug, VIOXX. In particular, Mr. LoPiccolo played an integral role in preparing and defending Merck's top executives for

deposition and testimony at trials.  Mr. LoPiccolo also defended Merck in individual and class action lawsuits involving the company's popular osteoporosis drug, FOSAMAX.

In September 2008, Mr. LoPiccolo began representing the SIPA Trustee as one of the lead attorneys in the liquidation of Lehman Brothers, Inc., the largest and most complex broker-dealer liquidation in history.  For three years, he led a team of attorneys, paralegals financial consultants and other support staff in the review, analysis, determination and litigation of thousands of claims filed against the estate valued at close to $100 billion involving various complicated financial derivative transactions including TBAs, repurchase and reverse repurchase agreements, foreign exchange transactions and options.  As a lead attorney, he was also responsible for providing interim reports to the Trustee, SIPC and the Bankruptcy Court on progress of the liquidation.

Mr. LoPiccolo is a 2003 *cum laude* graduate of St. John's University School of Law, where he was a member of the American Bankruptcy Institute Law Review, and received his undergraduate degree, *magna cum laude*, from Towson University in 2000.  He is a member of the New York County Bar Association, the Nassau County Bar Association, the New Jersey Association for Justice and the NYCLA Inn of Court.

Mr. LoPiccolo is admitted to practice in the State of New York and before the United States District Courts for the Eastern District of New York and the Southern District of New York.

### IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court appoint Nagel Rice and Poulos LoPiccolo as interim class counsel.

**POULOS LOPICCOLO PC**

Dated: July 27, 2012   By:   */s/ John N. Poulos*
John N. Poulos
Joseph LoPiccolo
PO Box 200
Oceanport, New Jersey 07757
(732) 757-0165
poulos@pllawfirm.com
lopiccolo@pllawfirm.com

**NAGEL RICE, LLP**
Bruce H. Nagel
Diane E. Sammons
Randee M. Matloff
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
dsammons@nagelrice.com
bnagel@nagelrice.com
rmatloff@nagelrice.com

*Attorneys for Plaintiffs*