UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIUSZ KUZIAN, JAMES G. BROWN AND DEBRA A. THOMAS-BROWN, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendant. | Case No. 1:12-cv-03341 (NLH)<br><br>Consolidated Actions<br><br>Motion Day: August 20, 2012 |
| CHRISTOPHER LOPICCOLO, on Behalf of Himself and Other Persons Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendant. | Case No. 1:12-cv-03930 (NLH) |

**ELECTROLUX'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
101 Eisenhower Parkway
Roseland, New Jersey 07068
*and*
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street - 17th Floor
San Francisco, California 94104
Attorneys for Defendant
Electrolux Home Products, Inc.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

LEGAL ARGUMENT .......... 1

I. PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL IS PREMATURE AND NOT JUSTIFIED BY THE PRESENT PROCEDURAL CIRCUMSTANCES OF THESE LAWSUITS .......... 1

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross and Blue Shield of New Jersey*, 2011 WL 5881924 (D.N.J. Sept. 16, 2011), adopted by District Court, 2011 WL 5882019 (D.N.J. Nov. 22, 2011) .................. 3, 5, 6

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 252 F.R.D. 66 (D. Me. 2008) .................. 2

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67 (S.D.N.Y. 2006) .................. 4, 6

*Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 781862 (S.D. Ohio Mar. 24, 2008) .................. 2, 4

*White v. TransUnion, LLC*, 239 F.R.D. 681 (C.D. Cal. 2006) .................. 2, 3, 4

*Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102 (5th Cir. 1978) .................. 5

## RULES

Fed. R. Civ. P. 23 .................. 1, 2, 3, 6

ELECTROLUX'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

## INTRODUCTION

The plaintiffs' motion for Poulos LoPiccolo PC and Nagel Rice, LLP to be designated together as interim class counsel is premature and unnecessary. There is no reason to appoint interim class counsel at this time: there are no other actions pending brought by other potential class counsel law firms, discovery has not commenced, and Defendant Electrolux Home Products, Inc. ("Electrolux") will be filing a motion to dismiss the operative complaints. Thus, Electrolux requests that the Court deny the motion without prejudice at this time. Declining to appoint interim class counsel at this juncture will in no way prejudice Plaintiffs or the putative class members, as the existing law firms can continue to prosecute this action in the interests of the Plaintiffs and putative class members.

## LEGAL ARGUMENT

### I. PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL IS PREMATURE AND NOT JUSTIFIED BY THE PRESENT PROCEDURAL CIRCUMSTANCES OF THESE LAWSUITS

The designation of interim class counsel is not mandatory. *See* Fed. R. Civ. P. 23(g)(3). The designation of interim class counsel may be a useful procedure where multiple class actions brought by multiple putative class counsel are pending and the defendant(s) need clarity as to which set of potential class counsel to confer with about case management, discovery, and potential settlement,

and where it is necessary to protect the putative class members. *See White v. TransUnion, LLC*, 239 F.R.D. 681, 684 (C.D. Cal. 2006) (denying motion for appointment of interim class counsel because "there has been no showing why such appointment is necessary"). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Id.* (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)); Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 Amendments (ordinarily pre-certification work "is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate."); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 252 F.R.D. 66, 67 (D. Me. 2008) (appointing interim class counsel where "[t]wo groups of lawyers are competing" to manage twenty-five cases).

On the other hand, the "designation of interim counsel is unnecessary where . . . the counsel that filed the class complaint is the only counsel seeking appointment and there is no rivalry or uncertainty between other firms." *Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 781862, at *3 (S.D. Ohio, Mar. 24, 2008). Thus, in *White* the court stated that appointing interim class counsel is unnecessary where, as here, "'the lawyer who filed the suit is likely to be the only lawyer

seeking appointment as class counsel.'" 239 F.R.D. at 683 (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)).

None of the considerations that justify the appointment of interim class counsel are implicated here. In their own motion, Plaintiffs' counsel assert: "Nagel Rice and Poulos Lopiccolo are the only firms who have advanced this litigation on behalf of their clients and the class . . . [and] are the only firms to date that have filed actions against Electrolux in the nation related to the facts and issues described in the instant complaints." *See* Memorandum of Law In Support of Plaintiffs' Motion to Appoint Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g) (Document No. 12-1 at p. 6). Thus, even assuming that the Poulos and LoPiccolo and Nagel Rice firms may be qualified to act as class counsel in the event that classes are certified in these consolidated actions, there is no reason to appoint interim class counsel now.

The absence of other related actions brought by other plaintiff counsel was relied upon recently by the Honorable Madeline Cox Arleo to deny a motion[1] to appoint interim class counsel. *See* Report and Recommendation and Order, *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross and Blue Shield of New Jersey*, 2011 WL 5881924, at *7 (D.N.J. Sept. 16, 2011), adopted by District Court

---

[1] Interestingly, this motion that was denied also sought to have Nagel Rice, LLP appointed as interim class counsel.

(Judge Linares), 2011 WL 5882019 (D.N.J. Nov. 22, 2011) ("[T]he Court finds that plaintiff's motion to appoint interim class counsel is premature. First, no other similar class actions are pending at this time. Thus, there is no danger of any rivalry or confusion that may make appointment of interim counsel appropriate in other class actions. Second, plaintiff's current counsel may obtain class discovery and undertake the necessary steps to move for class certification without the need to be appointed interim class counsel."). Numerous other courts have reached the same result based on the same analysis. *See, e.g.*, *White*, 239 F.R.D. at 684 (denying motion for appointment of interim class counsel because "there has been no showing why such appointment is necessary"); *Jenkins*, 2008 WL 781862, at *4 (denying appointment of interim class counsel because "appointing interim class counsel is unnecessary" where "[t]here are no duplicative lawsuits pending in other courts, and no other lawyers are competing for class counsel appointment."); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 70 (S.D.N.Y. 2006) (denying appointment of interim class counsel where attorney's seeking appointment have "represented the issuer plaintiffs and putative class since the complaint was filed in 2000, and there is no apparent interference or rivalry from any other counsel.").

In addition to the absence of any material reason to appoint class counsel, it would also be premature to do so now because Defendant has had no

discovery. *See Glen Ridge SurgiCenter*, 2011 WL 5881924 at *7 ("[E]ven if plaintiff's counsel may be appropriately appointed as interim class counsel, such a determination should not be made until Horizon has had an opportunity to take some discovery, including the deposition of NJASC, the newly named class representative."). For example, Electrolux will likely seek discovery into any familial relationship between the named Plaintiff Christopher LoPiccolo and his attorney Joseph LoPiccolo. *See, e.g.*, *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978) ("An attorney whose fees will depend upon the outcome of the case and who is . . . closely related to a class member cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members."). Likewise, Electrolux intends to file a motion to dismiss the complaints.[2] Defendant's motion, which will moot the need to appoint class counsel, should be adjudicated first. *See Glen Ridge SurgiCenter*, 2011 WL 5881924 at *7 (denying motion for appointment of interim class counsel in part because pleadings not settled).

Declining to appoint interim class counsel at this time will not prejudice the law firms requesting interim appointment, the putative class members, nor the named plaintiffs. The Poulos and LoPiccolo and Nagel Rice

[2] Electrolux has until August 27, 2012 to answer or otherwise move with respect to the complaints.

firms may still proceed with the action, and will still have a duty to protect the interests of the putative class members. *See* Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 Amendments ("Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole."); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. at 70 (because attorneys who filed suit may proceed despite denial of designation as interim counsel and still have duty to putative class as set forth in Advisory Committee notes, "denying the appointment of interim counsel does not prejudice the putative class in any way").

For the above reasons, the motion to appoint interim class counsel is premature. In *Glen Ridge SurgiCenter*, 2011 WL 5881924 at *7, the court denied a motion to appoint interim class counsel without prejudice and held that "Plaintiff may re-file the motion after the relevant discovery is taken and/or in the event other putative class actions are filed against Horizon arising from a similar set of facts concerning reimbursement for patient services." Electrolux requests that the Court enter a similar order here and deny the motion to appoint interim class counsel, without prejudice, with leave to be re-filed in the event that other putative class actions are filed against Electrolux by other class counsel alleging similar

facts as pled in the operative complaints here, and subject to adjudication of Electrolux's forthcoming motion to dismiss and following appropriate discovery.

**CONCLUSION**

For the foregoing reasons, Electrolux respectfully requests that the Court deny Plaintiffs' Motion for Appointment of Interim Class Counsel without prejudice.

Dated: August 6, 2012

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
101 Eisenhower Parkway
Roseland, New Jersey 07068

By: *_/s/ Jeffrey M. Garrod_*
Jeffrey M. Garrod

*and*

C. Brandon Wisoff (*admitted pro hac vice*)
Thomas B. Mayhew (*admitted pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street - 17th Floor
San Francisco, California 94104

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.