UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIUSZ KUZIAN, JAMES G. BROWN AND DEBRA A. THOMAS-BROWN, on Behalf of Themselves and All Other Persons Similarly Situated, | : Case No. l:12-cv-03341 (NLH)-(AMD) |
| | : |
| | : Consolidated Actions |
| Plaintiff, | : |
| v. | : Motion Day: May 6, 2013 |
| | : |
| ELECTROLUX HOME PRODUCTS, INC., | : |
| Defendant. | : |
| | : |
| IRMA LEDERER, on Behalf of Herself and All Other Persons Similarly Situated, | : Case No. 1:12-cv-03930 (NLH)-(AMD) |
| | : |
| Plaintiff, | : |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC., | : |
| Defendant. | : |

**ELECTROLUX' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S MARCH 28, 2013 ORDER OR, ALTERNATIVELY,
FOR ORDER PERMITTING INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
101 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068-1097
*and*
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street - 17th Floor
San Francisco, California 94104
Attorneys for Defendant
Electrolux Home Products, Inc.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................. 1

STATEMENT OF FACTS ................................................................ 2

LEGAL ARGUMENT ...................................................................... 3

   I.    ELECTROLUX MEETS THE RECONSIDERATION STANDARD. ..... 3

   II.   RECONSIDERATION IS NECESSARY TO CORRECT ERROR. ......... 7

        A.   The Opinion Eviscerates the Plain Definition of Harm
            in the NJPLA. ........................................................................ 7

        B.   The Opinion's Reliance on *Dean* is Misplaced as
            *Dean* Supports Electrolux. ................................................... 9

   III.  THE COURT SHOULD OTHERWISE GRANT INTERLOCUTORY
        APPEAL OF THE COURT'S MARCH 28, 2013 ORDER ....................... 10

CONCLUSION ............................................................................... 11

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Alloway v. General Marine Indus., L.P.*,
149 N.J. 620 (1997) ................................................................ 4, 5, 6

*Arlandson v. Hartz Mtn. Corp.*,
792 F. Supp. 2d 691 (D.N.J. 2011) ............................................ 7

*Birdman v. Office of the Governor*,
677 F.3d 167 (3d Cir. 2012) ...................................................... 8

*Bowers v. N.C.A.A., Act, Inc.*,
130 F. Supp. 2d 610 (D.N.J. 2001) ............................................ 3

*Commodity Futures Trad. Comm'n v. Rosenberg*,
85 F. Supp. 2d 424 (D.N.J. 2000) ............................................. 4

*Dean v. Barrett Homes, Inc.*,
204 N.J. 286 (2010) ................................................................ 9, 10

*Flowers v. Viking Yacht Co.*,
366 N.J. Super. 49 (Law Div. 2003) .......................................... 6

*In re Purlington*,
2013 WL 322572 (D.N.J. Jan. 28, 2013) ................................... 3

*JCP&L Co. v. Melcar Utility Co.*,
212 N.J. 576 (2013) ................................................................ 8

*Major Tours, Inc. v. Colorel*,
799 F. Supp. 2d 376 (D.N.J. 2011) ........................................... 3

*McCann v. Clerk of City of Jersey City*,
167 N.J. 311 (2001) ................................................................ 8

*Montich v. Miele USA, Inc.*,
849 F. Supp. 2d 439 (D.N.J. 2012) ........................................... 7

*Spring Motors Distribs., Inc. v. Ford Motor Co.*,
98 N.J. 555 (1985) ............................................................... 4, 5, 6, 9

*Telfair, Inc. v. Tandy*,
    797 F. Supp. 2d 508 (D.N.J. 2011) ................................................................ 3

*Travelers Indemn. Co. v. Dammann & Co., Inc.*,
    594 F.3d 238 (3d Cir. 2010) ........................................................................ 6

*Waller v. Foulke Mgmt. Corp.*,
    2012 WL 924865 (D.N.J. Mar. 19, 2012) .................................................. 3, 4

## **STATUTES**

28 U.S.C. §1292(b) .............................................................................. 1, 10, 11

N.J.S.A. 2A:58C-1, *et seq* ............................................................................ 1

N.J.S.A. 56:8-1, *et seq.* ............................................................................... 4

## **INTRODUCTION**

Electrolux Home Products, Inc. ("Electrolux") respectfully seeks reconsideration of this Court's March 28, 2013 Order [Doc. 37] with respect to one aspect of the Court's Opinion [Doc. 36] ("Opinion"), holding that the New Jersey (*Kuzian*) Plaintiffs' claims, other than for breach of express warranty, are not subsumed by the New Jersey Products Liability Act ("NJPLA"), <u>N.J.S.A.</u> 2A:58C-1, *et seq.* The Opinion's rationale – that damages caused to "flooring, walls and other personal property *beyond the refrigerator itself*" are merely "consequential, anticipated *economic* losses" that are not subsumed by the NJPLA – was never even argued by Plaintiffs and is directly contrary to controlling New Jersey Supreme Court authority.

Alternatively, if the Court denies reconsideration, Electrolux asks the Court to certify the issue for interlocutory appeal pursuant to 28 <u>U.S.C.</u> §1292(b). At a minimum, the issue is one of controlling law on which reasonable minds can (and now have) disagreed. Resolution of the issue will also materially advance the ultimate termination of the litigation because (1) all of the *Kuzian* Plaintiffs' claims are based on New Jersey law; (2) they seek certification of a nationwide class of purchasers under New Jersey law; and (3) all of their claims, except for breach of express warranty, would be subsumed and barred if Electrolux is correct.

## STATEMENT OF FACTS

The Opinion recognized that Plaintiffs allege "that the defective ice makers and resulting leaks caused food to spoil and caused damage to flooring, walls and other personal property *beyond the refrigerator itself*." [Doc. 36 at 9 (emphasis added)]. It nevertheless concluded that "[e]ven though food and damage to floors, walls, and other property do not strictly constitute harm to the refrigerator itself, they are consequential, anticipated *economic losses* resulting from the defect in the refrigerator. As such, they are not subsumed by the NJPLA." [Doc. 36 at 10 (emphasis added)]. The Opinion cites no authority for the proposition that damages to the "floor, walls and other property" constitute "economic losses" within the meaning of the NJPLA or otherwise under New Jersey law. Indeed, while Plaintiffs made many arguments in opposition to Electrolux' motion, this was not one of them; and for good reason. As set forth below, the New Jersey Supreme Court has distinguished this type of property damage as *not* being "economic losses." Stating in a footnote that "the ice maker is an integral part of the refrigerator," the Opinion also concluded, without citation to any authority, that "the consequential damages caused by the faulty ice makers to the food, floor and walls cannot be parsed out as separate tort claims and subsumed by the NJPLA." [*Id.* at 12 n.6]. Electrolux seeks reconsideration of this small, but important, portion of the Opinion as being a clear error of law.

## LEGAL ARGUMENT

**I.    ELECTROLUX MEETS THE RECONSIDERATION STANDARD.**

A motion for reconsideration made pursuant to Local Civil Rule 7.1(i) "is a device to relitigate the original issue decided by the district court, and it is used to allege legal error." *In re Purlington*, 2013 WL 322572, at *2 (D.N.J. Jan. 28, 2013) (citation omitted).  "Reconsideration is warranted when a moving party demonstrates … 'the need to correct a clear error of law'…." *Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 414 (D.N.J. 2011) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see Purlington*, 2013 WL 322572, at *2; *Waller v. Foulke Mgmt. Corp.*, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012).

On a motion for reconsideration, "'a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.'" *Telfair, Inc. v. Tandy*, 797 F. Supp. 2d 508, 522 (D.N.J. 2011) (quoting *Assisted Liv. Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 412 (D.N.J. 1998)); *Bowers v. N.C.A.A., Act, Inc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  "The word 'overlooked' is the operative term in the Rule." *Bowers*, 130 F. Supp. 2d at 612; *Waller*, 2012 WL 924865, at *1.

"A critical factor a court must consider in deciding whether or not a motion for reargument should be granted is whether the court 'overlooked' factual matters or controlling decisions of law that might reasonably have resulted in a different conclusion had they been considered." *Commodity Futures Trad. Comm'n v. Rosenberg*, 85 F. Supp. 2d 424, 432-433 (D.N.J. 2000) (citations omitted). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter disposition of the matter." *Waller*, 2012 WL 924865, at *1.

Reconsideration is appropriate here because the Opinion overlooked the New Jersey Supreme Court's controlling decisions in *Spring Motors Distribs., Inc. v. Ford Motor Co.*, 98 N.J. 555 (1985), and *Alloway v. General Marine Indus., L.P.*, 149 N.J. 620 (1997), which establish a definition for economic loss caused by a defective product that clearly does *not* include harm to tangible property other than the defective product. The Opinion's finding that damages to food, flooring, walls and other personal property constitute "economic losses," consequential or otherwise, is the basis of its conclusion that the NJPLA does not apply to subsume Plaintiffs' New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.*, breach of implied warranty and other tort claims. This conclusion is clearly erroneous as a matter of law and overlooks these controlling New Jersey Supreme Court decisions which, if considered, would have led to a contrary conclusion.

Noting that economic loss is not normally recoverable in a tort action, the New Jersey Supreme Court explained in *Spring Motors*, 98 N.J. at 566 (emphasis added):

> A *direct economic loss* includes the loss of the benefit of the bargain, i.e., the difference between the value of the product as represented and its value in its defective condition. *Consequential economic loss* includes such indirect losses as lost profits.

Notably, while defining both direct and consequential economic losses, *Spring Motors* does not classify damage to property other than the product itself as being either direct or consequential "economic loss."

In *Alloway*, 149 N.J. at 627, the New Jersey Supreme Court addressed claims brought by a consumer arising from a defective product, and spelled out the types of loss that constitute "economic loss":

> [E]conomic loss encompasses actions for the recovery of damages for costs of repair, replacement of defective goods, inadequate value, and consequential loss of profits. * * * Economic loss further includes the diminution in value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.

The Supreme Court further observed that "[c]ontract principles more readily respond to claims for economic loss caused by damage to the product itself," whereas "tort principles are better suited to resolve claims for personal injuries or *damage to other property*." *Id.* (emphasis added).

This clear differentiation between economic losses (which are recoverable in contract) and personal or property damages (which are recoverable in tort) has

been followed by New Jersey state courts. *See, e.g., Flowers v. Viking Yacht Co.*, 366 N.J. Super. 49, 57 (Law Div. 2003) (differentiating between economic loss and harm to tangible property, and holding that plaintiffs' exclusive remedy was under the Uniform Commercial Code ("UCC"), where they had only alleged claims for economic losses – diminution in value and lost profits – and had not asserted claims for personal injury or harm to tangible property, other than the defective product itself). It has also been followed by the Third Circuit, as it should in a diversity case involving New Jersey law, which has affirmed the denial of leave to file a NJPLA claim that only sought recovery of economic losses: the scrapping of contaminated products, customer claims, testing costs, plant closing costs, internal labor and administrative costs, and lost profits. *See Travelers Indemn. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 248-249 (3d Cir. 2010). There, unlike here, there was no claim for damage to property other than the defective product itself.

The Opinion not only overlooked but contradicted *Spring Motors* and *Alloway* in concluding that physical damages to tangible property, such as food, flooring, walls and other personal property, constitute "economic losses." [Doc. 36 at 10]. This legal error was material, as it led the Court to reject Electrolux' NJPLA subsumption defense which, as demonstrated by decisions of other district courts discussed below, is mandated by the clear and unambiguous definition of "harm" codified in the NJPLA.

-6-

## II.   RECONSIDERATION IS NECESSARY TO CORRECT ERROR.

### A.   The Opinion Eviscerates the Plain Definition of Harm in the NJPLA.

The Opinion's conflation of harm to other tangible property with "economic loss" eviscerates the very distinction the NJPLA was designed to make clear.  In *Arlandson v. Hartz Mtn. Corp.*, 792 F. Supp. 2d 691, 703 (D.N.J. 2011), Judge Martini dismissed CFA, breach of implied warranty and unjust enrichment claims where "the issue underlying Plaintiffs' claims is that the chemicals in Defendants' products are dangerous and caused physical damage to Plaintiffs' property, in the form of harm to their pets' health. "  The court reasoned that "[t]his fits squarely within the NJPLA's definition of 'harm' as *physical damage to property.*'"  *Id.* (quoting N.J.S.A. 2A:58C-1(b)(2)(a)) (emphasis added).

Judge Wolfson applied this same reasoning in *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 457 (D.N.J. 2012), where the court read plaintiff's complaint to allege that her damages flowed from the price she had paid for a defective washing machine, and her inability to use the machine for its particular purpose, or its repair.  The court concluded:

> She does not allege any harmful health defects, personal injury, *or damage to other property*.  Plaintiff's damage is to the product itself and therefore falls outside the ambit of the NJPLA.  *To the extent that Plaintiff's Complaint can be read to assert that* she was harmed or *her other property was harmed by the washing machine, then such claims would be subsumed under the NJPLA and barred.*

*Id.* at 457-458 (emphasis added).

Thus, the Opinion mistakenly eviscerates the NJPLA's definition of "harm" by classifying as "economic losses" forms of "damage to property other than the product itself" that, by legislative mandate, directly and unalterably trigger the NJPLA's single cause of action scheme.  In doing so, the Opinion ignores the "important guidepost" in discerning legislative intent that "the Legislature did not use any unnecessary or meaningless language" and violates the cardinal rule of statutory construction that "a court should try to give effect to every word of a statute rather than construe a statute to render part of it superfluous." *JCP&L Co. v. Melcar Utility Co.*, 212 N.J. 576, 587 (2013) (citations omitted); *see McCann v. Clerk of City of Jersey City*, 167 N.J. 311, 321 (2001) ("It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute.  We cannot assume that the Legislature used meaningless language.") (citation omitted); *accord Birdman v. Office of the Governor*, 677 F.3d 167, 176 (3d Cir. 2012) ("The presumption against superfluities reinforces this reading of the statutory language.  When interpreting a statute, courts should endeavor to give meaning to every word which Congress used and therefore should avoid an interpretation which renders an element of the language superfluous.").  The Opinion's conclusion that harm to tangible property, other than the product itself, is somehow consequential "economic loss" directly conflicts with the plain language of the NJPLA and controlling New Jersey Supreme Court authority.

**B.      The Opinion's Reliance on *Dean* is Misplaced as *Dean* Supports Electrolux.**

To reach its conclusion, the Opinion also attempts to distinguish *Dean v. Barrett Homes, Inc.*, 204 N.J. 286 (2010), as involving a non-integrated product, whereas here the Court concludes that the allegedly defective ice maker is an integral part of the refrigerator.  [Doc. 36 at 11-12 n.6.]  However, the analysis cannot stop there, as it is not damage to the refrigerator that makes the NJPLA applicable, but the alleged damages to food, floor, walls and other personal property.  Under no circumstances can such separate and distinct property, not made or sold by Electrolux, be classified as integral parts of the same refrigerator "product" manufactured by Electrolux.

*Dean* actually supports Electrolux' position.  The New Jersey Supreme Court stated in *Dean*, 204 N.J. at 304, that the NJPLA is "concerned with providing a remedy for the harm or the damage that a defective product causes to people or to property."  The court noted that "harm" under the statute, by definition, is limited to "physical damage to property, other than the product itself."  *Id.* at 295.  Physical damage to the floors, walls, food and other personal property, which are not the defective product, is the very "harm" to which the NJPLA clearly applies.

Significantly, when tracing the evolvement of the economic loss rule, the *Dean* court quoted from *Spring Motors*, 98 N.J. at 581:  "The Court [*Spring*

-9-

*Motors*] referred to the U.C.C. as the 'exclusive source for ascertaining when a seller is subject to liability for damages if the claim is based *on intangible economic loss not attributable to* physical injury to person or *harm to a tangible thing other than the defective product itself.*'"  *Dean*, 204 N.J. at 296 (internal citation omitted, italics in original and emphasis added).  Respectfully, these points should lead the Court to reconsider its Opinion and conclude that all of Plaintiffs' claims, other than claims for breach of express warranty, are subsumed by the NJPLA.

## III.  THE COURT SHOULD OTHERWISE GRANT INTERLOCUTORY APPEAL OF THE COURT'S MARCH 28, 2013 ORDER

If the Court denies reconsideration, or reconsiders and affirms its prior ruling, then it should certify the issue for interlocutory appeal pursuant to 28 U.S.C. §1292(b).  The issue of whether the NJPLA subsumes Plaintiffs' fraud, New Jersey CFA, negligent misrepresentation and implied warranty claims is a controlling question of law.  Even if not clear error, the Court's determination that these claims are not subsumed is certainly debatable by reasonable minds.  Indeed, we have found no other decision adopting the Opinion's rationale.  Finally, resolution of the issue would materially advance the ultimate termination of the litigation, as the *Kuzian* action seeks certification of a nationwide class of purchasers whose claims would be mostly subsumed by the NJPLA if Electrolux is correct.  Given the degree to which the subsumption issue potentially affects all

other legal issues in the case by determining the legal standards applicable to all non-express warranty and tort law claims – at class certification, summary judgment, and/or trial – it will serve judicial efficiency to resolve this material question early in the litigation instead of reserving the issue for appeal after the end of the case.

## CONCLUSION

For these reasons, this Court should grant reconsideration of the March 28, 2013 Order and conclude that the New Jersey Plaintiffs' claims, with the exception of breach of express warranty, are subsumed and barred by the NJPLA. Alternatively, this Court should make express findings allowing Electrolux to pursue an interlocutory appeal of that issue under 28 U.S.C. §1292(b).

Dated: April 10, 2013

Respectfully submitted,

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
101 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068-1097

By:   /s/ Jeffrey M. Garrod
Jeffrey M. Garrod
*and*
C. Brandon Wisoff (*admitted pro hac vice*)
Thomas B. Mayhew (*admitted pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street – 17th Floor
San Francisco, California 94104

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

-11-