```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARIUSZ KUZIAN, JAMES G. BROWN, DEBRA A. THOMAS-BROWN, and IRMA LEDERER,<br><br>        Plaintiffs,<br>   v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br>        Defendant. | Civil No. 12-3341 (NLH/AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

BRUCE HELLER NAGEL
DIANE E. SAMMONS
NAGEL RICE, LLP
103 EISENHOWER PARKWAY
SUITE 201
ROSELAND, NJ 07068

JOHN N. POULOS
JOSEPH LOPICCOLO
POULOS LOPICCOLO PC
1305 SOUTH ROLLER ROAD
OCEAN, NJ 07712

    *On behalf of plaintiffs*

JEFFREY M. GARROD
ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
101 EISENHOWER PARKWAY
ROSELAND, NJ 07068

C. BRANDON WISOFF
THOMAS B. MAYHEW
FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET - 17TH FLOOR
SAN FRANCISCO, CA 94104

    *On behalf of defendant*

**HILLMAN, District Judge**

This matter having come before the Court on the motion of defendant Electrolux Home Products, Inc. ("Electrolux") for reconsideration, pursuant to Local Civil Rule 7.1(i)[1], of the Court's denial of its motion to dismiss plaintiffs' claims regarding defective ice makers in their Electrolux refrigerators; and

Defendant arguing that the Court erred when it did not find that the New Jersey plaintiffs' fraud and implied warranty claims were subsumed by the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq., because those claims allege a defective product that has caused damage to other property beyond the refrigerator itself - namely, to the walls, floors, and food inside - and instead found those damages to be consequential, economic losses not subsumed by the NJPLA; and

Defendant also arguing that if the Court declines to reconsider its decision, the Court should permit defendant to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and

---

[1] Rule 7.1(i) provides, in relevant part, "A motion for reconsideration shall be served and filed within 14 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

The Court finding after review of the submissions that it should re-examine the issue of whether plaintiffs' claims concerning the damages caused by the allegedly faulty ice makers to property other than the product itself, e.g., food, floors and walls are consequential, economic losses, but rather sound in tort and are subsumed by the NJPLA;

3

Accordingly,

IT IS on this  27th   day of December  , 2013

ORDERED that defendant's motion for reconsideration [42] is GRANTED to the extent that the Court will hear re-argument on the issues raised in defendant's motion[2]; and it is further

ORDERED that the parties shall appear before this Court on Monday, February 3, 2014 at 2:00pm in Courtroom 3A or on such other date convenient to the Court and parties.


At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[2] Because the Court grants defendant's motion for reconsideration, defendant's request for leave to file an interlocutory appeal is denied.